15-3238-pr
Lewis v. Cavanugh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
                REENA RAGGI,
                SUSAN L. CARNEY,
                      *Circuit Judges.*

KACEY LEWIS,

          *Plaintiff-Appellant*,

      v.                                  No. 15-3238-pr

THOMAS CAVANUGH, JAMES DICKEY, AND ROBERT LIQUINDOLI,
          *Defendants-Appellees*,

CITY OF WATERBURY, MICHAEL GUGLIOTTI,
          *Defendants*.

FOR APPELLANT:          Kacey Lewis, *pro se*, Uncasville, Connecticut.

FOR APPELLEES:          Joseph A. Mengacci, Office of the Corporation Counsel, City of Waterbury, Waterbury, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2015, is AFFIRMED in part and VACATED in part and REMANDED.

Kacey Lewis, proceeding *pro se*, appeals from a trial judgment in favor of defendants on his claims of excessive force in effectuating arrest and unlawful interrogation, and from summary judgment on his claim of deliberate indifference to medical needs. *See* 42 U.S.C. § 1983. He argues that he established a sufficiently serious injury to preclude summary judgment on his deliberate-indifference claim. As to his remaining claims, he contends, *inter alia*, that the district court abused its discretion by denying a continuance after *pro bono* counsel was permitted to withdraw on the first day of trial, requiring Lewis to proceed *pro se* without adequate time to prepare or secure witnesses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

1.    <u>Summary Judgment</u>

We review a summary judgment award *de novo*, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Matthews v. City of New York*, 779 F.3d 167, 171–72 (2d Cir. 2015).   At the same time, we are mindful that "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist," nor can "mere speculation or conjecture as to the true nature of the facts." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted). Moreover, we may affirm on any ground supported by the record, whether or not relied upon by the district court.   *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016).

To avoid summary judgment on a claim of deliberate indifference to the medical needs of a pretrial detainee, a plaintiff must adduce evidence that the alleged deprivation "pose[d] an unreasonable risk of serious damage to his health."   *Darnell v. Pineiro*, 849 F.3d 17, 30, 34 n.9 (2d Cir. 2017) (internal quotation marks omitted); *see Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (requiring showing that alleged deprivation of medical care was objectively "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists" (internal quotation marks omitted)).   Lewis failed to make this showing because, assuming the admissibility of his own statement, the record does not support a finding of urgency, demonstrating only that Lewis reported that his "head was swollen" and that he was "dizzy, nauseous," and "seeing double," Lewis Aff. ¶ 22, *Lewis v. Cavanugh*, No. 3:10-cv-112-VLB (D. Conn. Dec. 18, 2014), ECF No. 76-2, and later was treated only for bruising and minor abrasions.

3

We therefore affirm the grant of summary judgment on Lewis's deliberate-indifference claim on the merits.

2.    Denial of Continuance

Because of the logistical difficulties inherent in administering trials, courts are afforded "a great deal of latitude in scheduling." *Payne v. Jones*, 711 F.3d 85, 92 (2d Cir. 2012) (internal quotation marks omitted). Because a continuance "can be highly disruptive to the courts and the parties, especially when granted close to the start of trial," and particularly when a jury is implicated, they are disfavored "except for compelling reasons." *Id.* (internal quotation marks omitted). As such, district courts are "entrusted with broad discretion" to decide whether the proffered justifications outweigh the disruption and delay. *Id*. at 93. We therefore review the denial of a continuance for abuse of discretion, and we will reverse only upon "a showing both of arbitrariness and of prejudice to the defendant." *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 99–100 (2d Cir. 2001). In this context, prejudice is established if the denial "substantially impaired the presentation of [the] case." *Dow v. Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 341–42 (2d Cir. 1986).

We conclude that Lewis was prejudiced by the denial of even a brief continuance in this case. The district court correctly recognized that rescheduling trial after a jury had been selected in a case that was already five years old militated against a lengthy adjournment, a conclusion reinforced by Lewis's role in precipitating his counsel's

4

withdrawal. But these circumstances did not require starting the trial within hours of counsel's withdrawal, affording Lewis no advance notice that he would have to present his case *pro se* and no time to prepare even his opening statement, much less an evidentiary presentation. Given that Lewis had already examined some of the defendants in other proceedings, the court was not obliged to grant a lengthy adjournment in light of the other circumstances noted. But the denial of any continuance—even one of only 24 hours—must be deemed prejudicial here to a plaintiff who had no notice that he would have to proceed *pro se*. *See Dow v. Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d at 342. We are therefore obliged to vacate the judgment entered after trial and to remand for further proceedings.[1]

3.   Conclusion

Accordingly, we AFFIRM in part and VACATE in part the September 30, 2015 judgment of the district court and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we conclude that the court abused its discretion in denying a continuance, we need not reach Lewis's evidentiary challenges or his challenge to the jury instructions. Nor do we address the parties' apparent failure to resolve Lewis's unconstitutional-interrogation claim during the bench trial, which the district court should address on remand.

5